UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAJOHN SANCHEZ,

                Plaintiff,

        -against-

JOHN COLVIN, et al.,

                Defendants.

1:23-CV-9514 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dajohn Sanchez, who is currently incarcerated in the Fishkill Correctional Facility, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 and under state law seeking damages. He sues: (1) John Colvin, the Superintendent of the Five Points Correctional Facility ("Five Points"); (2) Five Points Correctional Sergeant Fisher; (3) Five Points Correctional Officer D. Laureano; (4) Five Points Nurse Perez; (5) unidentified defendant(s) "John Doe 1-4," who appear to also be employed at Five Points; and (6) unidentified defendant "Jane Doe X-ray [t]echnician," who, like the other defendants, appears to be employed at Five Points. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

With respect to Plaintiff's claims under 42 U.S.C. § 1983 and state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

While Plaintiff seems to allege that all of the defendants are employed at Five Points, he does not allege where any of them reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Even if all of the defendants reside within the State of New York, and at least one of them resides within this judicial district,[1] making this court a proper venue under Section 1391(b)(1), because Plaintiff alleges that a significant portion, if not, all of the events giving rise to his claims occurred at Five Points, which is in Seneca County, within the Western District of New York, *see* 28 U.S.C. § 112(d), it is clear that the United States District Court for the Western District of New York is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice,

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Western District of New York is appropriate for this action. The defendants are all apparently employed at Five Points, in the Western District of New York, and many, if not, all of the underlying events allegedly occurred there. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Western District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 6, 2023
         New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                 Chief United States District Judge